IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROJECT LIFESAVER
INTERNATIONAL,

        Plaintiff,

v.

JJCK, LLC,
d/b/a EMFINDERS,

        Defendant.

Civ. No. 10-1143-LPS

## MEMORANDUM ORDER

Robert K. Beste, III, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, DE; Jonathan D. Frieden, ODIN, FELDMAN, & PITTLEMAN PC, Fairfax, VA, Attorneys for Plaintiff.

Joseph H. Huston, Jr., Wilmington, DE; Stacey A. Scrivany, Reading, PA, STEVENS & LEE, Attorneys for Defendant.

July 1, 2011
Wilmington, DE

**Stark, U.S. District Judge:**

Pending before the Court are three motions: Plaintiff Project Lifesaver International's ("PLI") Motion to Consolidate (D.I. 13); Defendant JJCK's ("EmFinders") Motion for Leave to File Motion to Dismiss Plaintiff Project Lifesaver International's First Amended Complaint Out of Time (D.I. 9); and Defendant EmFinders' Motion to Strike First Amended Complaint (D.I. 15). For the reasons that follow, the Court will grant PLI's motion to consolidate, grant EmFinders' leave to file a motion to dismiss, and deny without prejudice EmFinders' motion to strike.

1. **Background**. On October 29, 2010, EmFinders filed a lawsuit in this District (the "First Case") against PLI, the Plaintiff in the instant action. *See JJCK, LLC (d/b/a EmFinders) v. Project Lifesaver International*, Civ. No. 10-930-LPS. In the First Case, EmFinders alleges, among other things, that PLI breached the terms of a Services Agreement between the parties. On December 28, 2010, PLI filed the instant action (the "Second Case"), the subject of which is the same Services Agreement at issue in the First Case. In each case, both parties allege that the other has breached the terms of the Agreement.

2. **Pending Motions**.

   a. <u>EmFinders' Motion to Consolidate</u>

PLI has filed a motion to consolidate the First Case and the Second Case.[1] (D.I. 13) Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate two actions if they "involve a common question of law or fact." A district court has broad discretion to determine

---

[1] PLI has filed the motion to consolidate in both cases. Accordingly, the Court's resolution of the motion in the instant case will apply in the First Case as well.

1

whether to consolidate cases. *See In re Mock,* 398 Fed. Appx. 716 (3d Cir. Aug. 19, 2010); *United States v. Dentsply Int'l, Inc.,* 190 F.R.D. 140, 142-43 (D. Del. 1999). In answering the question of whether to consolidate cases, courts often balance the considerations of "efficiency, expense, and fairness." *Abbott Diabetes Care,* 2007 WL 2892707, at *3 (D. Del. Sept. 30, 2007); *Syngenta Seeds, Inc. v. Monsanto Co.,* 2004 WL 2002208, at *1 (D. Del. Aug. 27, 2004) (same).

Here, the Court finds that the interests of judicial economy will be better served by consolidating the two cases. The parties involved are exactly the same; the interpretation of the same Agreement forms the crux of both lawsuits; and the same witnesses and documents will likely be important in both actions. *See Syngenta Seeds,* 2004 WL 2002208, at *1 (listing several factors). Moreover, consolidation will not lead to any unnecessary or excessive delay or prejudice for either party: in fact, both parties apparently agree that an extension of deadlines in the First Case is necessary. (D.I. 50 at 12)

EmFinders does not seriously dispute any of these points; instead, EmFinders' argument against consolidating the two cases is that the Second Case constitutes an attempt by PLI to circumvent the Federal Rules of Civil Procedure. (D.I. 71 at 6) The Court is not persuaded. EmFinders concedes that the First Case "contains the same parties and involves the same factual and legal issues." (D.I. 9 at 3) Likewise, EmFinders concedes PLI will at some point in the First Case be allowed to file a counterclaim. (*Id.*) In the Court's view, consolidation in this case will undoubtedly "streamline and economize pretrial proceedings" and, thereby, avoid duplication of effort. *In re TMI Litig.,* 193 F.3d 613, 724 (3d Cir. 1999) (internal citations and quotation marks omitted). Accordingly, the Court will grant the motion to consolidate.

b. <u>Motion for Leave to File Motion to Dismiss</u>

On February 9, 2011, PLI filed the First Amended Complaint in this action. (D.I. 8) EmFinders' responsive pleadings were therefore due on February 28, 2011. *See* Fed. R. Civ. P. 15(a)(3). EmFinders failed to file any responsive pleading within the required period. Now, EmFinders seeks leave from the Court to file a late motion to dismiss the Amended Complaint. (D.I. 9) EmFinders' basic argument is that the delay was unintentional and that PLI would not be prejudiced by allowing EmFinders to file the motion to dismiss.

As a compromise, PLI agreed to allow EmFinders to file the motion to dismiss, so long as EmFinders would agree to consolidate the First Case and the Second Case and extend some of the deadlines in the First Case. (D.I. 12 at 12-13) As already noted, the Court is granting the motion to consolidate, and the Court will shortly enter a consolidated scheduling order. The Court will not deny EmFinders the opportunity to have the important issues raised in its motion to dismiss considered by the Court.[2] Accordingly, the Court will grant EmFinders leave to file a motion to dismiss.

c. <u>Motion to Strike First Amended Complaint</u>

The Court will deny EmFinders' motion to strike the amended complaint without prejudice to renew after the Court has ruled on EmFinders' motion to dismiss (if EmFinders believes, at that time, it has grounds to strike which are not addressed in connection with the ruling on EmFinders' motion to dismiss). EmFinders' arguments with respect to judicial estoppel will be heard in connection with EmFinders' motion to dismiss.

---

[2]The Court recognizes that EmFinders' judicial estoppel argument only came to light recently, after the deadline for filing a motion to dismiss had passed. (D.I. 14 at 3) EmFinders may present this argument as part of its motion to dismiss.

3

3. **Conclusion**. At Wilmington, on this 1st day of July, 2011 for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

   a. PLI's Motion to Consolidate (D.I. 13) is GRANTED. Civ. No. 10-930-LPS and Civ. No. 10-1143 are consolidated for all purposes. Civ. No. 10-930 shall be the lead case and all papers shall be filed thereunder;

   b. EmFinders' Motion for Leave to File Motion to Dismiss Project Lifesaver International's First Amended Complaint Out of Time (D.I. 9) is GRANTED;

   c. EmFinders' Motion to Strike First Amended Complaint (D.I. 15) is DENIED without prejudice to renew, in accordance with the terms of this Order;

   d. The pending schedule in the First Case, Civ. No. 10-930-LPS, is hereby VACATED; the Court will conduct a scheduling teleconference in the near future;

   e. EmFinders shall file its motion to dismiss PLI's counterclaim and an opening brief in support thereof on July 12, 2011; PLI shall file its brief in opposition on July 26, 2011; and EmFinders shall file its reply brief on August 5, 2011. In all other respects, briefing shall proceed according to the local rules of this Court; and

   f. The Court shall hold oral argument on EmFinders' motion to dismiss on August 17, 2011, at 10:00 a.m. in Courtroom 6B.